# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| STEPHANIE SIMMONS | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1155 |
| AUTO CLUB FAMILY INSURANCE COMPANY, ET AL. | SECTION: "C" (2) |

## ORDER & REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction in this original action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 5, seeking affirmative proof of the amount in controversy. Both parties argued that the jurisdictional minimum was met. However, having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

Plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of Acevedo v. AAA Ins., Civil Action No. 07-5199, to recover payment for property damage under her insurance policy with Auto Club Family Insurance Company ("ACFIC") following Hurricane Katrina. Rec. Doc. 1. Magistrate Judge Wilkinson, Jr. severed Acevedo. Id. Plaintiff then filed an individualized amended complaint against the insurer. Id.

---

[1] Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

Plaintiff's insurance policy with ACFIC became effective on June 28, 2005. Exhibit A. It covered her property in New Orleans, Louisiana, including her dwelling for up to $121,600, other structures for up to $12,160, personal property for up to $91,200, and loss of use for actual loss sustained with 12 months of the date of loss. Id. Plaintiff alleged that on August 29, 2005, Hurricane Katrina caused wind, rain, and flood damage to the roof, interior, and contents of her property, and that she was unable to use her property for an extended period. Rec. Doc. 1-1 at 2. She alleged that her policy was all-risk and that it covered such damage. Id. She estimated her property damage at $30,000 for other structures, $20,000 for personal property, and $10,000 for lost use. Rec. Doc. 9 at 1. She also made claims for penalties, interest, and attorney fees under La. R.S. §§ 22:658 and 22:1220[2], contending that ACFIC's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. ACFIC alleged that it paid plaintiff $6,745.43, but failed to specify under which coverage payment was made. Rec. Doc. 8 at 2. Both plaintiff and ACFIC allege that this Court has subject matter jurisdiction over plaintiff's claim. Rec. Doc. 9 at 1 and Rec. Doc. 8 at 1.

## II. LAW & ANALYSIS

Parties may neither consent to nor waive subject matter jurisdiction. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties. 28 U.S.C. § 1332(a)(2007).[3]

---

[2]Effective Jan. 1, 2009, La. R.S. §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1973 respectively. See Acts 2008, No. 415 § 1.

[3]Neither the parties nor the Court dispute that plaintiff is domiciled in Louisiana and ACFIC is domiciled in Missouri. Therefore, the diversity of citizenship element is met.

2

Most Fifth Circuit case law about amounts in controversy concerns cases removed from state court to federal court, unlike the present case. However, the Fifth Circuit and this Court have applied those procedures to other circumstances, such as declaratory judgment actions, St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250,1253 (5th Cir. 1998). Therefore, they may be instructive for actions originally brought in federal court such the one before us.

In removal cases, the parties must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. Id. (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). It is the recognized burden of the parties invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982).

In response to the Court's order, Rec. Doc. 5, ACFIC filed a memorandum that attempted to show that the jurisdictional minimum was met. Rec. Doc. 8. ACFIC pointed to plaintiff's policy limit of $224,960 for the dwelling, other structures, and contents. Id. at 2. The

insurer stated that it paid plaintiff $6,745.43 and concluded that the amount in controversy was at least $218,214.57. Id. Finally, ACFIC asserted that plaintiff sought penalties and attorney's fees under La. R.S. §§ 22:658 and 22:1220. Id. ACFIC did not provide information as to the amount of plaintiff's claim based on the extent or type of damage that the property sustained. In addition, the insurer did not offer a basis for which plaintiff might be entitled to statutory penalties.

In response to the same court order, plaintiff filed a memorandum that also attempted to demonstrate that the amount in controversy exceeded $75,000. Rec. Doc. 9. Plaintiff pointed to her policy limits of $117,000 for the structure and $87,750 for contents, and actual loss for additional living expenses. Id. at 1. She estimated her property damage at $30,000 for the structure, $20,000 for contents, and $10,000 for additional living expenses. Id. However, plaintiff did not put forth proof of the damage. Furthermore, she stated that "defendant has paid unknown." Rec. Doc. 9 at 1. In addition, plaintiff made a claim for statutory penalties, interest, and attorney fees under La. R.S. §§ 22:658 and 22:1220 because ACFIC's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. Plaintiff did not provide a factual description of ACFIC's actions.

It is not facially apparent nor have either ACFIC or plaintiff set forth facts to show that the jurisdictional minimum was met on the date of removal. To fulfill its duty to ensure it has proper jurisdiction over this action, the Court requires specificity from the parties. Fernandez v. Allstate Ins. Co., 2008 WL 314405, *2 (E.D. La. Feb. 1, 2008). First, the relevant inquiry concerns damage to the property, not the value of the property or the policy limit. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). In order to have shown this

4

affirmatively, ACFIC should have provided the Court with not just the amount tendered, but also the amount of plaintiff's claims.  Fernandez, 2008 WL 314405 at *2; see also Mediamolle v. State Farm Ins., 2008 WL 834378, *2 (E.D. La. March 27, 2008)(J. Vance)(holding that policy limits did not influence amount in controversy in removal case where insurer did not provide evidence that homeowner demanded damages up to or exceeding policy limits); Lenfant v. Liberty Mut. Ins. Co., 2008 WL 1924240, *2 (E.D. La. April 29, 2008)(J. Lemelle)(holding that jurisdictional amount was met because petition for damages and correspondence between insurer and homeowners indicated that homeowners demanded full unpaid policy limit, which alone exceeded $75,000).

Even plaintiff's $60,000 estimate, without affirmative proof, falls below the jurisdictional minimum.  Parties may have met the proof threshold if they had provided evidence implicating the limits of the policy, or if they had submitted damage assessments or repair estimates for the property.  Fernandez, 2008 WL 314405 at *2.  See also Sea Trek, Inc. V. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 (E.D.La. July 24, 1995)(calculating amount in controversy based on receipts, affidavits, and deductible contained in insurance policy).

Second, the parties must do more than state that plaintiff made claims for statutory penalties and present facts indicating the propriety of such penalties.  Fernandez, 2008 WL 314405 at *2 (referring to Thompson v. Allstate Ins. Co., 2007 WL 763219, *1 (E.D. La. March 8, 2007)).  Neither party presented such facts.  Plaintiff cited a Fifth Circuit case that held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction. Rec. Doc. 9 at 1; St. Paul Reins. Co, 134 F.3d at 1254.  However, the St. Paul Reins. Co. Court, discussing a Texas statute, did not hold that any claim for statutory penalties that would raise the

amount in controversy above the jurisdictional minimum would suffice. Moreover, the Louisiana statute outlines six specific actions that would constitute a "breach" and that require findings of fact. La. R.S. § 22:1973(B)(1-6). The statute provides that one type of breach for which an insured may recover penalties is "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5). To indicate more than the possibility of penalties, the parties could have presented facts indicating that the insurer's actions constituted a breach under the statute. Thus, based on the record and the law, the Court finds that neither party has established subject matter jurisdiction.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of jurisdiction under 28 U.S.C. § 1332(a).

New Orleans, Louisiana, this 2nd day of June, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**