# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHANIE SIMMONS | CIVIL ACTION |
| VERSUS | NO: 09-1155 |
| AAA INSURANCE; AUTO CLUB FAMILY INSURANCE COMPANY | SECTION: "C" (3) |

## ORDER AND REASONS[1]

Before the Court is a Motion for Reconsideration of Judgment, filed by Defendant Auto Club Family Insurance Company ("ACFIC"), and adopted by Plaintiff, Stephanie Simmons. Rec. Doc. 17. The motion for reconsideration is denied for the following reasons.

## I. BACKGROUND

Plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Acevedo v. AAA Ins.*, Civil Action No. 07-5199, to recover payment for property damage under her insurance policy with ACFIC following Hurricane Katrina. Rec. Doc. 1. Magistrate Judge Wilkinson, Jr. severed *Acevedo*. *Id*. Plaintiff then filed an individualized amended complaint against the insurer. *Id*. The Court ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 5, seeking affirmative proof of the amount in controversy. Both parties argued that the jurisdictional minimum was met, however neither party submitted affirmative proof of the damage Plaintiff claimed her

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this opinion.

property sustained. Rec. Doc. 15 at 4. The Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. Rec. Doc. 15 at 1. Defendant ACFIC now urges the Court to reconsider, arguing that the jurisdictional minimum has been satisfied. Rec. Doc. 17-2 at 3.

In its memo in support of reconsideration, Defendant argues that the Plaintiff is entitled to policy limits for the damage to her home, and states the policy limits as follows: $121,600 for structure/dwelling, $12,160 for other structures and $91,200 for contents/personal property. Rec. Doc. 17-2 at 3. Defendant states that it has paid Plaintiff $3,435.89 for structure/dwelling, $559.54 for other structures and $250 for personal property, and concludes that a total of $220,714.46 plus additional living expenses, penalties, court costs, and attorneys fees remain in controversy between the parties. *Id*. at 4.

## II. <u>LAW & ANALYSIS</u>

Parties may neither consent to nor waive subject matter jurisdiction. *Simon v. Wal-Mart*, 193 F.3d 848, 850 (5th Cir. 1999). Parties must be able to show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The Court requires specificity, *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405, *2 (E.D. La. Feb 1, 2008), and the relevant inquiry concerns damage to the property rather than the policy limits. *Hartford ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). In order to show the Court affirmatively that the amount in controversy requirement was satisfied, ACFIC should have provided the Court with the amount of plaintiff's claims. Even Plaintiff's $60,000 estimate of damages, without affirmative proof, falls below the jurisdictional minimum.

Defendant argues that Plaintiff may be entitled to penalties and that those penalties may

2

bring the amount in controversy above the required $75,000 minimum, however the Court has held that parties must present facts indicating the propriety of statutory penalties. *Fernandez*, 2008 WL 314405 at *2 (referring to *Thompson v. Allstate Ins. Co.*, 2007 WL 763219, 81 (E.D. La. March 8, 2007)). Even now, four years after the triggering event and two years after Plaintiff filed her initial complaint, neither party is able to present affirmative proof of the damage she claims her property sustained or any facts indicating the propriety of penalties.

A motion for reconsideration performs a valuable, but limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788 (C.A.5 (La.)). ACFIC fails to show that there was "manifest error of law or fact" in dismissing Plaintiff's original complaint.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant's Motion for Reconsideration is DENIED.

New Orleans, Louisiana, this 14th day of August, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**